[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant, whose maiden name was Elizabeth L. Christensen, were married at North Branford, Connecticut, on September 7, 1987. The plaintiff has been a resident of the State of Connecticut for at least 12 months prior to the institution of this dissolution action.
The plaintiff and the defendant have two minor children, Edmund R. Gregan III, born August 4, 1990, and Oliver S. Gregan, born January 30, 1992, and no other minor children have been born to the wife since the day of their marriage. No individual agency is presently responsible by virtue of judicial award for the custody or support of the two children and the parties have not been the recipient of state aid or public assistance.
This was a marriage of some ten years duration at the time the parties separated which was June, 1997. In that year, a prior divorce had been started in New Haven but was abandoned.
The plaintiff feels that the marriage has broken down because of the failure of the defendant to keep a clean house and that she had little or no time for him in marriage and/or sexual matters. He also feels that she spent too much money and that she placed too much emphasis on her side of the family rather than his. Gradually, over a period of time, their communication became worse and he feels that he capitulated on many points of contention that over the years resulted in the irretrievable breakdown of the marriage. She, on the other hand, felt that she had a normal marriage in this "crazy world" and through no conscious fault of her own probably failed to pick up the signals that the parties were growing apart and their marriage was failing. The court can place no definitive fault on either party and feels that they passively and/or actively each contributed to the breakdown of the marriage.
Based upon the relevant, admissible and credible evidence presented to the court and the statutory scheme that is laid out in Sections 46b-81 82, the court makes the following findings of fact and conclusions of law in addition to those aforementioned. CT Page 2084
The parties jointly and separately were extremely poor managers of money and have incurred jointly a huge amount of debt which they shall have to equally share in the burden of satisfying either through repayment or resort to the bankruptcy court, in their discretion. Pursuant to their agreement, joint custody of the minor children is awarded to the parties with physical custody to be with the defendant. The plaintiff shall have visitation every other weekend from Friday afternoon until Sunday at 7:00 p. m. Holidays shall be shared as follows:
Christmas Eve until 9:30 p. m. with the father; Eve at Thanksgiving after school overnight to 6:00 p. m.; Thanksgiving Day with the father; all July 4th with the father including July 4 weekend; all New Year's Day with the mother; Memorial Day, Labor Day and Columbus Day shall be alternated between the parties as they appear in succession, with the mother to have Memorial Day in 1999; each parent's birthday and Mothers' Day and Fathers' Day shall be spent with the appropriate parent; February vacation to be spent with the father from Friday evening through the following week Sunday afternoon; April vacation to be spent with the mother; the father shall have access to the children for visitation at least one-half of the summer providing the mother gets visitation during this period at home; one evening per week after school until 8:00 p. m. to be designated by the father in writing to the mother 30 days in advance; notification to both parties 48 hours in advance if changes are made to this schedule.
Support shall be paid in accordance with the guidelines which at present dictate and the court so orders the father to pay to the mother the sum of $177.00 per week as child support. The support shall be paid by wage withholding as is presently in effect.
Extracurricular activities and un-reimbursed medical expenses for the minor children are to be shared equally by the parties. The extracurricular activities for the children should be agreed mutually prior to their participation. The mother shall consult with the father prior to the children undergoing any non-emergency healthcare treatment whose un-reimbursed expense would be greater than $100.00 if visitations fall during the children's extracurricular activities, the father to ensure the, children's attendance. (It is to be noted the above aforementioned orders are entered in accordance with the stipulation the parties dated February 3, 1999.) Any child CT Page 2085 daycare dispute shall be resolved by the parties conferring with the Department of Children and Families as to the legality of any proposed daycare facility.
Each of the parties shall retain personal property presently in the possession with the addition that the husband shall have all items on plaintiff's Exhibit B and next, to his claims for relief except (1) a mirror, (2) toybox, (3) medicine cabinet, (4) two oak chairs, (5) cooking equipment, (6) wheelbarrow, (7) new bookshelf, (8) new miter saw and drill, and (9) all wife's slides. It is noted that this order is entered in accordance with the parties agreement dated February 3, 1999.
All the right, title and interest of the plaintiff in and to the residential premises at 36 Essex Street, Deep River, Connecticut, are ordered transferred to the defendant/wife who is ordered to hold him harmless for all costs and expenses associated with the home including, but not limited to, the mortgage and taxes. The court finds that there is approximately $21,000.00 in equity in said premises.
The 1996 Volkswagen Passat is set over to the husband to be his absolutely and the 1987 Volkswagen Cabriolet is set over to the wife to be hers absolutely. Each shall cooperate in the execution of any documents in order to implement this order. The plaintiff/husband shall be entitled to claim the children for Federal Internal Revenue tax purposes.
The plaintiff is to maintain reasonable health insurance available through his employment for the benefit of the minor children and the parties shall share equally in the payment of any un-reimbursed reasonable health expenses incurred on behalf of said children.
The parties have incurred a huge amount of debt which presently is approximately $38,000.00, a laundry list of credit cards. It is hereby ordered that the parties herein shall share equally in the responsibility for the repayment of said collective debts. These by and large appear to have been incurred in the ususal course of their family operation which the court has previously noted was one characterized by very poor money management.
The health of each of the parties appears to be normal and they suffer from no current demonstrable disability. Both are CT Page 2086 working, he being engaged in the long term nursery operation that he has been involved in for the past many years and she is involved in the retail business. In order to give her some additionl assistance and to more fully establish her in the employment market which will be necessary for her to do in order to support herself and the children, the court orders the plaintiff to pay to the defendant the sum of $80.00 per week as alimony for a period of three years. It is concluded that this is a reasonable period of time in which she should be able to escalate her earning capacity to a point where she can become self-sustaining without the assistance of alimony.
In as much as there is no evidence before the court supporting his ability to obtain nor is there anything to indicate that he presently has life insurance, the court declines to order the plaintiff to maintain life insurance for the benefit any family members.
The marriage having broken down irretrievably the decree is entered dissolving said marriage.
It is so ordered.
HIGGINS, J.